

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,135-01

### EX PARTE KELLY JAY NEAL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2013F00468 IN THE 5TH DISTRICT COURT
### FROM CASS COUNTY

*Per curiam*.

### **O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

Applicant claims that his guilty plea was involuntary due to trial counsel's ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). He contends that he was offered alternative plea deals for fifteen or seventeen years on lesser included indecency with a child by contact; there was a deadline for accepting the offer. Applicant states, "Verbally, counsel informed [Applicant] that he could get him a 15-year sentence on [the deadline date]. Counsel was ineffective for not bringing [Applicant] before the court in time to accept either offer. Had counsel brought

[Applicant] to court before the deadline expired, [Applicant] would have accepted the State's 17-year or on the alternative the 15-year offer."

Applicant has alleged facts that, if true, might entitle him to relief. *See Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall obtain a response from trial counsel regarding Applicant's claim for habeas relief and resolve the controverted factual issues. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary due to trial counsel's ineffective assistance. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 1, 2017
Do not publish